UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT WALKER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>D. ASUNICON,<br><br>　　　　　　Respondent. | Case No. CV 18-07016-SHK<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On August 6, 2018, Petitioner Brett Walker ("Petitioner"), proceeding pro se, signed and subsequently filed a Petition for Writ of Habeas Corpus ("Pet." or "Petition") pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction of robbery with a gun enhancement. Electronic Case Filing Number ("ECF No.") 1. Both parties have consented to proceed before a United States Magistrate Judge. ECF Nos. 2, 14.

In the Petition, Petitioner alleges two sentencing error claims. Because neither of Petitioner's claims is cognizable on federal habeas review and because they also fail on the merits, the Court DENIES the claims and DISMISSES the Petition with prejudice.

# I. PROCEDURAL HISTORY

## A. State Proceedings

On May 1, 2014, Petitioner pleaded no contest to one count of robbery and admitted a related firearm allegation in the Los Angeles County Superior Court. Electronic Case Filing Number ("ECF No.") 16-1 at 4-5.[1] The trial court sentenced Petitioner to two years for the robbery plus ten years for the firearm enhancement. Id. Petitioner did not appeal and his conviction became final 60 days later, on June 30, 2014, when his time to file a notice of appeal ran. Cal. R. Ct. 8.308(a).

Some three years later, on June 5, 2017, Petitioner constructively filed[2] a motion in the state superior court to modify his sentence under Proposition 57, arguing that his robbery conviction should be deemed a nonviolent felony so as to make him immediately eligible for parole consideration. ECF No. 16-2. The superior court denied the motion on June 13, 2017, finding that Proposition 57 does not apply to a violent crime such as robbery. ECF No. 16-1 at 5.

Then, on June 18 and August 23, 2017, Petitioner sought relief again in the superior court, requesting that that court retroactively apply Proposition 57's juvenile justice reforms because he was a juvenile when convicted, and refer his case to the juvenile court for a fitness hearing. ECF Nos. 16-3, 16-4. The superior court denied the request in a reasoned order on September 1, 2017. ECF No. 16-1 at 6. Petitioner thereafter sought reconsideration of the superior court's order, which the superior court denied on October 4, 2017. Id.

---

[1] The referenced page number for the state court filings Respondent has lodged with this Court will be the number in those documents and not the page number associated with the document through the ECF system. With respect to the Petition, the attachment to the Petition, and the Reply, the referenced page numbers will be those assigned by the Court's ECF system.

[2] When a pro se prisoner gives prison authorities a pleading to mail to the court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

In the meantime, on September 30, 2017, Petitioner constructively filed a petition for writ of mandate in the California Court of Appeal, requesting that his case be transferred to the juvenile court for a fitness hearing under Proposition 57. ECF No. 16-6. On October 24, 2017, the court of appeal summarily denied the petition. ECF No. 16-7.

Next, on November 12, 2017, Petitioner constructively filed another habeas petition in the superior court, again asking that his case be transferred to the juvenile court under Proposition 57. ECF No. 16-8. The superior court denied the petition on November 21, 2017, reasoning that Proposition 57 is not retroactive to a case that has reached final judgment. ECF No. 16-1 at 7.

On January 18, 2018, Petitioner constructively filed a habeas petition in the California Court of Appeal seeking relief under Proposition 57 and a new state law, California Senate Bill No. 620. ECF No. 16-9. The court of appeal summarily denied relief on February 20, 2018. ECF No. 16-10. Petitioner next constructively filed a habeas petition in the California Supreme Court on March 8, 2018, raising the same claims raised in the court of appeal. ECF No. 16-11. On June 13, 2018, the California Supreme Court summarily denied relief. ECF No. 16-12 at 2.

Finally, on July 16, 2018, Petitioner returned to the superior court again where he constructively filed another habeas petition, this time claiming he was entitled to a hearing under People v. Franklin, 63 Cal. 4th 261 (2016) because he did not have a sufficient opportunity at his sentencing hearing to make a meaningful record of information relevant to a future youth offender parole hearing. ECF No. 16-13. The superior court denied the petition on July 24, 2018, finding that Petitioner was not entitled to a Franklin hearing. ECF No. 16-1 at 8.
///
///
///
///

## B. Federal Proceedings

On August 6, 2018, Petitioner constructively filed the pending Petition in this Court.[3] Following two extensions of time, Respondent filed an Answer to Petition ("Ans.") on December 28, 2018, along with a Memorandum of Points and Authorities ("Ans. Mem."). ECF No. 15. After the Court, on its own motion, extended Petitioner's time to file a Traverse/Reply, he filed a Reply on February 25, 2019. ECF No. 21.

## II. PETITIONER'S CLAIMS

The Petition raises the following grounds for relief:

1. Petitioner is unlawfully restrained of his liberty without procedural due process of law in violation of the Fifth and Fourteenth Amendments because he has not been afforded a fitness hearing under Proposition 57.

2. Petitioner is entitled under Senate Bill 620 to be called for resentencing under Cal. Penal Code § 1385 to have his firearm enhancement stricken in the interests of justice.

ECF No. 1, Pet. at 5-6, 11-17. Respondent contends that neither of Petitioner's claims is cognizable on federal habeas review, and that even if they are, the state courts' rejection of the claims was not unreasonable. ECF No. 15, Ans. Mem. at 6-8.

## III. STANDARD OF REVIEW

The standards in the Anti-Terrorism and Effective Death Penalty Act of 1996 and 28 U.S.C. § 2254 govern this Court's review of Petitioner's grounds. As a result, and because the California Supreme Court summarily denied Petitioner's Proposition 57 claim on collateral review, this Court reviews the reasoning in the superior court's decision as to this claim. See ECF Nos. 16-1 at 6, 7; 16-12; Wilson

---

[3] Here, Petitioner signed the Petition "8/ /18," so the Court is unable to determine the exact date he signed the Petition. ECF No. 1 at 9. However, the Court will treat August 6, 2018 as the constructive filing date as it is a date Petitioner wrote on what appears to be the envelope he used to mail the Petition. Id. at 43.

4

v. Sellers, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning."). Further, although there is no reasoned opinion denying Petitioner's Senate Bill 620 claim, the Court is still required to uphold the state courts' decisions so long as there is any reasonable basis in the record to support it. See Harrington v. Richter, 562 U.S. 86, 102 (2011) (holding that reviewing court "must determine what arguments or theories supported or . . . could have supported [] the state court's decision" and "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with" existing Supreme Court precedent).

## IV. DISCUSSION

**A. Petitioner's Claims Are Not Cognizable.**

    1. Proposition 57 and Senate Bill 620

In 2016, California voters passed into law Proposition 57, which incentivizes inmates to take responsibility for their own rehabilitation by earning credit for sustained good behavior, advances eligibility for parole consideration of nonviolent offenders who have served the full term for their primary offense, and requires judges to determine whether juveniles charged with certain crimes should be tried in juvenile or adult court. http://www.cdcr.ca.gov/proposition57/. Under Proposition 57, when a prosecutor seeks to prosecute a juvenile defendant in adult court, the minor is entitled to a fitness (a.k.a. transfer) hearing for the court to determine whether the minor is fit to be tried as an adult. People v. Superior Court (Lara), 4 Cal. 5th 299, 303-304, 306-07, 313 (2018).

Senate Bill 620 (2017-2018 Reg. Sess.) amended state law to grant trial courts the discretion to strike firearm enhancements. See People v. Galindo, 35 Cal. App. 5th 658, 666 (Cal. Ct. App. 2019) (describing that Senate Bill 620

amended Cal. Penal Code §§ 12022.5 and 12022.53 to grant trial courts discretion to strike or dismiss firearm enhancements).

### 2. Federal Habeas Law

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus [] reaches only convictions obtained in violation of some provision of the United States Constitution."). Whether Petitioner is entitled to a fitness hearing under Proposition 57, or whether he is entitled to have his gun enhancement stricken – both *after* the judgment in his case is already final – is strictly a question of state law. Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993) (as amended) (concluding that the petitioner's sentencing error claim was "exclusively concerned with state law and therefore not cognizable in a federal habeas corpus proceeding"). Further, Petitioner cannot transform a state-law issue into a federal one merely by asserting a violation of due process. See ECF No. 21, Reply at 1; Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court finds that these claims are not cognizable on federal habeas review.

**B. Even If Petitioner's Claims Are Cognizable On Federal Habeas Review, The State Courts' Rejection Of The Claims Was Not Unreasonable.**

Initially, the Court finds that the United States Supreme Court has never addressed the issue of retroactively applying Proposition 57 and Senate Bill 620 to state cases that were already final on direct review at the time these laws went into effect. As Respondent points out, this is not surprising given that these are state-law issues that do not raise a federal question. ECF No. 15, Ans. Mem. at 7. In

light of the fact that the Supreme Court has never addressed these issues, it cannot be said that the state courts' denial of the claims was contrary to or involved an unreasonable application of clearly established Supreme Court law. Carey v. Musladin, 549 U.S. 70, 76 (2006) ("Given the lack of holdings from this Court regarding" the claim, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'") (alterations in original) (citation omitted)).

Even if the Court were to find that the claims are cognizable and subject to review under the AEDPA, relief is still not warranted because the state courts' rejection of the claims was not unreasonable.

As to the Proposition 57 claim, the superior court found that relief was not warranted because Petitioner's case was already final on appeal and Proposition 57 was not retroactive to cases that were final. ECF No. 16-1 at 6, 7. As stated, Petitioner's conviction became final on June 30, 2014; Proposition 57 was passed by voters in 2016 and went into effect the next day. People v. Hargis, 33 Cal. App. 5th 199, 202-203 (Cal. Ct. App. 2019). The state court's rejection of the claim on this basis, then, was not unreasonable given that the portion of Proposition 57 dealing with juvenile fitness hearings was made retroactive only to those cases *not yet* final on state direct appeal. Lara, 4 Cal. 5th at 304.

Likewise, Senate Bill 620, which went into effect January 1, 2018[4], has also been held to apply "to defendants whose judgments were not final when the law took effect." People v. Fox, 34 Cal. App. 5th 1124, 1127 (Cal. Ct. App. 2019); Hargis, 33 Cal. App. 5th at 209 ("Senate Bill No. 620 and the associated amendment to section 12022.53 apply retroactively to "*nonfinal*" cases."). Thus, the state courts' summary denial of Petitioner's Senate Bill 620 claim was not

---

[4] See "History" annotations to Section 12202.53 reflecting January 1, 2018 amendments from Senate Bill 620.

unreasonable, ECF Nos. 16-10, 16-12 at 2, because, again, Petitioner's judgment was already final by the time the law took effect.

**V.    ORDER**

The Court hereby DENIES the claims in Petitioner's Habeas Petition and ORDERS the case dismissed with prejudice.

Date: December 17, 2019

_____
HON. SHASHI H. KEWALRAMANI
U.S. Magistrate Judge